HARPER & REYNOLDS CO. v. WILGUS.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1893.)

No. 84.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES—REVIEW.
   In an action for damages for the infringement of a patent the reviewing court will not consider the objection that a verdict for plaintiff was unwarranted because the evidence showed that the patent had been anticipated, where there was some evidence of novelty, and defendant did not, at the trial, ask that the jury be instructed to find for him.

2. SAME—ANTICIPATION—EVIDENCE.
   It was proper, in such action, to exclude an assignment of all plaintiff's claim to the invention, made before the patent issued to a third person, for the sum of $15; for even if such assignment warranted the inference that plaintiff doubted the value of his invention, or its novelty, such inference was immaterial to the issue of specific anticipation which was being tried.

3. SAME—EVIDENCE.
   When models of the infringed device,—a lawn sprinkler,—and of the device alleged to anticipate it, were submitted to the jury for their inspection, it was not error to allow a witness to testify as to the shape of the inlet to such lawn sprinkler.

4. SAME—REVIEW—PRESUMPTIONS.
   It will not be presumed on appeal that the jury, in arriving at their verdict, disregarded any of the instructions of the court, but the bill of exceptions must affirmatively show that they did so, to entitle appellant to any relief on that ground.

In Error to the Circuit Court of the United States for the Southern District of California.

At Law. This was an action by Daniel C. Wilgus against the Harper & Reynolds Company for damages for the infringement of a patent. There was a verdict and judgment for plaintiff, and defendant brings error. Affirmed.

Graff & Latham and Stephen M. White, for plaintiff in error.
Cole & Cole, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The defendant in error, Daniel C. Wilgus, brought an action against the plaintiff in error, the Harper & Reynolds Company, for damages for an alleged infringement of letters patent No. 443,734, issued December 30, 1890, for an im-

provement in lawn sprinklers. The answer of the defendant denied that the plaintiff therein was the inventor of the lawn sprinkler so patented, and denied the infringement, but alleged that on the 7th day of July, 1888, letters patent were issued from the United States to Clement Gauthier for an invention substantially identical with that described in the Wilgus patent, which letters patent had been thereafter duly assigned to certain persons in the answer named. The action was tried before a jury, and a verdict was rendered for the defendant in error for $1,238.41.

The first assignment of error, and that upon which the plaintiff in error mainly relies, is that the evidence is wholly insufficient to justify or sustain the verdict, for the reason that it shows the plaintiff's patent to be void, the same having been anticipated by the Gauthier patent. There was no request upon the part of the plaintiff in error for an instruction to the jury to return a verdict for defendant, either at the close of the plaintiff's testimony, or upon the final submission of the case to the jury. It is not claimed that there was no evidence to go to the jury in support of the novelty of the plaintiff's invention. On the other hand the bill of exceptions distinctly discloses that there was such evidence. In addition to this, the patent was itself prima facie evidence of its own validity. Cantrell v. Wallick, 117 U. S. 690, 6 Sup. Ct. Rep. 970; Smith v. Vulcanite Co., 93 U. S. 486; Lehnbeuter v. Holthaus, 105 U. S. 94. This court cannot now, upon this assignment of error, enter into the consideration of the question whether or not the Wilgus patent was anticipated by the Gauthier patent, and therefore was itself void. That inquiry involved a question of fact, for the jury, and it was properly submitted to the jury. No exception was taken on the trial, either to the submission of the case to the jury, or to the charge of the court. On the writ of error to this court we are confined to the consideration of questions of law,—the rulings of the trial court upon questions of evidence, and the instructions given or refused to the jury. We have no concern with the weight to be given to evidence which has been properly admitted. Parsons v. Bedford, 3 Pet. 446; Railroad Co. v. Fraloff, 100 U. S. 31.

It is assigned as error that the court excluded the evidence of a certain assignment made by Wilgus to one Lyall two years before the issuance of the Wilgus patent, transferring to Lyall the "claim of invention of sprinkler," for a consideration of $15. This instrument was offered in connection with the cross-examination of the plaintiff, and it is claimed to have been pertinent for the purpose of showing his knowledge of the state of the art, and of the existence of the prior invention of Gauthier. The inference is sought to be drawn therefrom that the plaintiff would not have parted with his improvement for $15 if he had believed himself to be the inventor thereof. This inference is altogether unwarranted, and is not even remotely suggested by the instrument. But if this instrument did indeed tend to show that the plaintiff did at that time believe that his invention was of little value, or lacked novelty, that fact was wholly immaterial to the issues to be tried in this

case. The question before the jury was not what Wilgus may have thought of his own invention in 1888. The evidence was properly excluded.

Error is claimed in the ruling of the court allowing the witness Townsend to answer the following question: "With reference to the tangential inlet spoken of by Mr. Graff, what is the shape of the tangential inlet in the sprinkler?" The response of the witness was, in substance, that the inlet in the Wilgus sprinkler was circular in shape, while the other was not. It is possible that this evidence was wholly immaterial, since no claim is made in either of the patents upon the shape of the inlet, and no reference is made thereto in the specifications, and it is probable that the shape of the inlet had no bearing whatever upon the issues in the case. The sprinklers, as actually constructed under both patents, were in evidence before the jury, however, and the shape of inlets in each could be distinctly seen, upon inspection of them. This evidence of the witness added nothing to what was already admitted before the jury, could not affect the issues, and could not in any way have prejudiced the rights of the plaintiff in error.

It is claimed that the verdict was contrary to the charge of the court, and that the jury disregarded the following instruction:

"A mere carrying forward, or a new or more extended application, of the original thought, and changed only in form, proportion, or degree, or substitution of equivalents doing substantially the same thing, in the same way, by the same means, with better results, is not such an invention as would sustain a patent."

It is impossible for us to say that the jury disregarded this instruction. There is nothing in the bill of exceptions to show that they did. The presumption is, on the other hand, that they strictly observed it. We must infer that the jury, in the light of the evidence, obeyed the charge of the court, and that in arriving at their verdict they reached the conclusion that the Wilgus patent was not a mere carrying forward of the original thought of the Gauthier patent, and that the two sprinklers do not accomplish substantially the same things, in the same way, by the same means. This was the main question in issue in the case, and was, as we have seen, submitted to the jury without objection upon the part of the plaintiff in error.

There being no error in the trial below, the judgment is affirmed, with costs to the defendant in error.