## WILGUS v. GERMAIN et al.

(Circuit Court of Appeals, Ninth Circuit. February 10, 1896.)

### No. 223.

**1. ESTOPPEL BY RECORD—STOCKHOLDER OF CORPORATION.**
> Upon the trial of an action against G., N., and M., as copartners, for damages for the infringement of a patent,—one of the defenses being anticipation by a prior patent to one C., the plaintiff offered in evidence the records of two actions brought by him against two several corporations, in one of which the defendant G., and in the other the defendant N., was a stockholder. It appeared that G. and N. were present, testified, and took leading parts in the trials of such actions; that the actions were brought against the corporations for infringement of the plaintiff's patent

by the sale of articles bought from the firm composed of G., N., and M.; and that the same defense of anticipation was set up, and adjudged against the defendants, in each case; and it was claimed that such adjudications constituted an estoppel, against the defendants in the pending suit, to set up the same defense. It did not appear that either G. or N. had any control or management of the defense in the former actions, or appeared by counsel therein. *Held,* that G. and N. were not estopped by the judgments in the former actions to set up the same defense, and that it was not error to exclude such judgments, especially as G. and N. were sued in this action as partners with M., and were not shown to have acted for the firm in taking such part as they did in the former actions.

2. EVIDENCE—INFRINGEMENT OF PATENT—PRIOR USE.

It is not error, in an action for damages for the infringement of a patent, to admit evidence showing public use of the plaintiff's invention more than two years before his application for his patent, though no notice of such testimony has been given, when the testimony is admitted, not to prove such public use, but to sustain the defense of anticipation, by showing that plaintiff's invention was adapted from another which was known.

In Error to the Circuit Court of the United States for the Southern District of California.

This was an action by Daniel C. Wilgus against Eugene Germain, Isaac B. Newton, and William H. Mitchell for damages for the infringement of a patent. Judgment was rendered in the circuit court for defendants. Plaintiff brings error. Affirmed.

Cole & Cole, for plaintiff in error.

White & Monroe and Graff & Latham, for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The plaintiff in error brought an action against the defendants in error for damages for the alleged infringement of letters patent No. 443,734, issued December 30, 1890, for an improvement in lawn sprinklers. The defendants denied that the patentee was the inventor of the lawn sprinkler so patented, denied infringement, and alleged that, prior to the date of said alleged invention, letters patent had been issued from the United States to one Clement Gauthier for an invention substantially identical with that described in the plaintiff's patent. The cause was tried before a jury, and a verdict was rendered for the defendants. The principal question presented upon the writ of error is whether or not the defendants in the action were estopped to introduce proof of the Gauthier patent, and its identity with the improvement covered by the plaintiff's patent, by reason of judgments rendered in prior actions in the same court in the case of Wilgus v. Germain Fruit Co., a corporation, and in the case of Wilgus v. Harper & Reynolds Co., a corporation, the judgment in which latter case was subsequently affirmed on writ of error to this court. Harper & Reynolds Co. v. Wilgus, 6 C. C. A. 45, 56. Fed. 587. It appeared that Newton, one of the defendants in this action, was a stockholder of the Harper & Reynolds Company, and was its secretary and treasurer, and was present in court when the cause of Wilgus against that company was tried, and was a witness in the case, and that

the defendant Germain was a stockholder in the Germain Fruit Company, was in court at the time of the trial of said prior causes, and was a witness and took a leading part in said case against his company; and it was shown by the testimony of said witness Newton, in said prior action, that the Harper & Reynolds Company, defendant in that case, had purchased the lawn sprinklers, the sale of which was alleged to have been made in infringement of the Wilgus patent, from the defendants in this action, who were then, and are now, doing business under the firm name of the Crown Sprinkler Company. The record of said prior actions, when offered for the purpose of showing that the matters in litigation in this action had been adjudicated against the defendants herein, was excluded by the court, and that ruling is assigned as error.

It is not claimed that either of the defendants in this action was a party to the prior litigation, but it is contended that two of them were so intimately connected with the trial of the former cases that they are now precluded from saying that the judgment in those actions is not conclusive of the issues presented in this. In order that one not a party may be precluded by a former adjudication, he must have been privy to the former proceedings, or connected therewith in such a way that he had the right to control the litigation, or at least the right to appear by counsel and make motions and offer evidence and examine witnesses. In Miller v. Tobacco Co., 7 Fed. 92, Judge McCrary said: "It is not reasonable to say that a man should be bound by an adjudication, unless he has all the ordinary rights of a litigant with respect to the adjudication." In Robbins v. Chicago City, 4 Wall. 657, it was held that the parties who are estopped by a judgment are those who had "a right to make demands, control proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having those rights, substantially, are regarded as strangers to the cause." In Litchfield v. Goodnow's Adm'r, 123 U. S. 549, 8 Sup. Ct. 210, it was held that one who was not a party to the suit in which the adjudication was had, but who interested himself in securing the same, and paid part of the expenses of the suit, was not bound thereby, and that "those only who are represented by the parties, and claim under them or in privity with them, are bound by a judgment." It is not shown in this case that either of the defendants in this action had any control or management of the defense in either of the prior cases. It is not shown that they appeared, in person or by counsel, to offer evidence or to cross-examine witnesses, or that they could have done so. The whole extent of their connection with the former litigation consists in the fact that Newton was the secretary and treasurer of the Harper & Reynolds Company, and was a witness in that cause, and that the defendant Germain was a stockholder in the Germain Fruit Company, and was in court at the time of the trial, and was a witness in that case, and took a leading part in the defense, and that it appeared that the defendants who are now defending this action had sold the lawn sprinklers which were the subject of the prior actions to the corporations defendant in those actions. This falls short of establishing the facts

on which an estoppel by record must depend. To prove that one was a witness in a cause, and took a leading part in the defense thereof, without further information concerning the nature of his connection therewith, is not equivalent to proof that he had or assumed the right to control the proceedings, or to adduce or cross-examine witnesses, or to appeal from the judgment; and there is no such privity between a private corporation and its stockholders that a judgment obtained against the one is res judicata as to the other, except in cases where the law gives to a creditor of such corporation the right of recourse against the individual stockholders for the satisfaction of the judgment debts of the corporation. Hawkins v. Glenn, 131 U. S. 329, 9 Sup. Ct. 739; Schrader v. Bank, 133 U. S. 67, 10 Sup. Ct. 238; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867; Hawes v. Petroleum Co., 101 Mass. 385.

But, if it be conceded that the defendants Newton and Germain each took such part in the defense of the prior actions that they are to be deemed to have been parties defendant thereto, it does not follow that the judgments in those cases are admissible as res judicatæ against the defendants in the present case. This action is brought against a copartnership consisting of three members, doing business under the firm name of the Crown Sprinkler Company, to recover damages for acts done by the firm. The two members of the firm who took part, respectively, in the two prior actions are not shown to have acted for or represented the firm or their copartners in so doing, or to have had other interest in such litigation than such as belonged to them in their attitude of stockholders in the respective corporations defendant therein. The parties, therefore, are not the same, and the judgments do not estop the present defendants.

It is contended that the court erred in permitting the introduction of the Gauthier patent in evidence, for the reason that that patent is for an entirely different invention from the invention in controversy, and was so adjudged in the patent office at the time of the Wilgus application. The records of the patent office disclose only the fact that a patent was issued to Wilgus upon an application in which he stated that he was aware of the Gauthier patent, and called attention to the features which distinguished his invention from that of Gauthier. The issuance of the patent, under these circumstances, created only a prima facie presumption that the invention of the patentee was not anticipated by the prior invention. Corning v. Burden, 15 How. 265; Miller v. Manufacturing Co., 151 U. S. 208, 14 Sup. Ct. 310; Boyd v. Tool Co., 158 U. S. 260, 15 Sup. Ct. 837; Pavement Co. v. Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312; Ransome v. Hyatt, 16 C. C. A. 185, 69 Fed. 148. It was clearly no error, therefore, to permit the introduction of the prior patent in evidence.

It is said that the court erred in admitting the testimony of one Lyall to show the public use of the plaintiff's invention more than two years prior to his application for a patent, inasmuch as no proper notice of such testimony had been given. The record shows, however, that the testimony of the witness was admitted, not for the purpose of showing such prior use, but to show that the Wilgus invention was directly adapted from the Gauthier patent by Lyall at the suggestion

of Wilgus, who was then Lyall's employer. For such purpose it was undoubtedly admissible.

It is also assigned as error that the court admitted in evidence testimony of the sale and transfer of the Wilgus invention to Lyall. It is objected that the assignment could not be set up in defense of the plaintiff's title, and that evidence of such assignment was not available to set aside the plaintiff's patent. It appeared, however, that this evidence was admitted only for its corroboration of Lyall's testimony in regard to the adaptation of the Gauthier patent, and his experiments therewith under the direction of Wilgus.

There are several assignments of error which challenge the ruling of the court in giving and refusing instructions. It will be unnecessary to refer to them in detail. They are all based on the general assertion and contention of the plaintiff in error that there is no similarity, in name, shape, size or construction, between the inventions of Gauthier and Wilgus. It is urged that the Gauthier patent is intended for spraying trees and plants; that it differs in shape from that of Wilgus, and that it delivers the fluid in the form of mist, whereas the Wilgus sprinkler delivers water for sprinkling purposes only, and in the form of drops; that in the one patent the opening for the discharge of the fluid is smaller than the opening for its inlet into the nozzle, while in the other the reverse is true. Other points of difference are pointed out. All these questions were properly submitted to the jury. There was evidence to the effect that the principle of both sprinklers was the same, and that their operation was the same. It does not follow as a rule of law, that because the Gauthier sprinkler was used in sprinkling trees, and delivered the fluid in the form of mist, the Wilgus sprinkler, which was used to sprinkle lawns, and delivered the water in drops, was not anticipated in the prior invention. Tucker v. Spalding, 13 Wall. 453; Smith v. Nichols, 21 Wall. 112; Machine Co. v. Murphy, 97 U. S. 125; Machine Co. v. Keith, 101 U. S. 479. The judgment must be affirmed, with costs to the defendants in error.