NEWTON MFG. CO. v. WILGUS.

(Circuit Court, S. D. California. November 21 1898.)

No. 713.

1. PATENTS—SUIT FOR INFRINGEMENT—CONCLUSIVENESS OF FORMER JUDGMENT.
    A judgment for defendants in an action at law for the infringement of a patent, upon the ground that the article covered by plaintiff's patent was a mere adaptation of a device covered by a prior patent owned by defendants, is conclusive in a subsequent suit for infringement by an assignee of defendant's patent against the plaintiff in the former action, not only of the invalidity of the latter's patent, but also that articles made in conformity with that patent are infringements of the earlier patent owned by complainant.

2. JUDGMENT AS ADJUDICATION—EXTRINSIC EVIDENCE TO SHOW QUESTIONS DE-
TERMINED.

   To apply a judgment and give effect to the adjudication actually made,
   where it does not fully appear from the judgment itself, resort may be had
   to extrinsic evidence, such as the evidence contained in the record and
   special findings made by the jury.

This is a suit in equity by the Newton Manufacturing Company against Daniel C. Wilgus for infringement of a patent.

M. L. Graff, for complainant.

Cole & Cole, for defendant.

ROSS, Circuit Judge. Prior to the bringing of the present suit, the defendant to the suit commenced an action in this court against Eugene Germain, Isaac B. Newton, and William H. Mitchell, composing the firm of the Crown Sprinkler Company, to recover damages for the alleged infringement of letters-patent No. 443,734, issued to the then plaintiff, December 30, 1890, for an "improvement in lawn sprinklers." The defendants to that action denied that the patentee was the inventor of the lawn sprinkler so patented, denied infringement, and alleged that, prior to the date of his alleged invention, letters patent had been issued by the United States to one Clement Gauthier, for an invention called therein "atomizer," substantially identical with that described in the Wilgus patent. The case was tried before the court with a jury, and a general verdict was rendered for the defendants to the action, together with answers to certain special issues submitted. The issues and answers were as follows:

"(1) Was Clement Gauthier the inventor of a patent described in letters patent of the United States, No. 386,121, issued by the patent office of the United States of America, on the 7th day of July, 1888, and for which an application had been filed in said office on the 22d day of November, 1887, and for which letters patent on the 23d day of April, 1887, had also been issued to him by the republic of France? Answer: Yes. (2) Did Clement Gauthier assign said patent, issued by the government of the United States, to W. H. Mitchell, and did said Mitchell assign three-fourths interest therein to Eugene Germain and I. B. Newton, and were such assignments duly recorded in the patent office of the United States? Answer: Yes. (3) Did said patent include a nozzle with a tangential inlet, so as to produce a gyratory motion of the water in the barrel or cylinder, and have a top opening inwardly, so as to come to a sharp edge where the water first came in contact with such opening? Answer: Yes. (4) Is there anything in the specification, drawings, or claim in said patent limiting the size of said nozzle? Answer: No. (5) Is there anything in the specifications, drawings, or claims in said patent limiting said nozzle to any particular shape or form? If so, state what such limitation is. Answer: Nothing. (6) If the nozzle described in the Clement Gauthier patent, No. 386,121, were made of the same size as the one introduced in evidence as plaintiff's sprinkler, would it substantially perform the same functions in the same way as that of plaintiff? Answer: Yes. (7) If there is any difference between the plaintiff's sprinkler and the nozzle mentioned in the Clement Gauthier patent, if made of the same size, as to the functions performed by each, or the manner in which such functions are performed, state it fully. Answer: * * *. (8) Was the patent issued to plaintiff, No. 443,734, dated December 30, 1890, and was the application therefor filed in the United States patent office, June 14, 1890? Answer: Yes. (9) Is there anything in the specifications, drawings, or claim in plaintiff's patent limiting its size? Answer: No. (10) Does Clement Gauthier, in his specification and claim, show that his invention has for its object to subdivide the water by means of the tangential inlet and orifice or opening or top of the

muzzle, by which the gyratory motion is first given to the water in the barrel or cylinder, and discharged as a spray from the top or opening? Answer: Yes. (11) If the nozzle described in Clement Gauthier's patent is quite small, will the water be discharged as a fine mist or spray? Answer: Yes. (12) If the nozzle described in the Clement Gauthier patent, No. 386,121, is made the same size as plaintiff's sprinkler offered in evidence, will the water be discharged therefrom in larger quantities, and as a heavier spray or sprinkle? Answer: Yes. (13) Has Clement Gauthier's patent, No. 386,121, a tangential inlet into a circular reservoir or barrel, with a central discharge opening at the top? Answer: Yes. (14) Is the central discharge opening at the top of Clement Gauthier's patent tapering inward to a sharp or knife-shaped edge? Answer: Yes. (15) Is there any difference between the action of the water passing through the nozzle described in Clement Gauthier's patent, when the nozzle thereof is made of the same size as plaintiff's sprinkler, and the action of the water in passing through plaintiff's sprinkler? Answer: No. (16) If you should answer that there is a difference, state fully what such difference is. Answer: * * *. (17) Does plaintiff make any claim for the concave top of his alleged invention? Answer: Yes. (18) How many sprinklers did defendant sell or dispose of? Answer: * * *. (19) Was plaintiff damaged by reason of the sale or disposition of the sprinklers sold or disposed of by defendants, and, if so, in what amount? Answer: * * *."

Upon the verdict so returned and entered, judgment was, on September 4, 1894, entered by the clerk, that the plaintiff, Wilgus, take nothing by his action, and that the defendants to the action recover their costs from the plaintiff; the judgment upon its face reciting only the general verdict. The plaintiff in that action carried the case by writ of error to the circuit court of appeals for the Ninth circuit, where the judgment was affirmed. 44 U. S. App. 369, 19 C. C. A. 188, and 72 Fed. 773. In concluding its opinion, the court there, after considering various points assigned as error, said:

"There are several assignments of error which challenge the rulings of the court in giving and refusing instructions. It will be unnecessary to refer to them in detail. They are all based on the general assertion and contention of the plaintiff in error that there is no similarity in name, shape, size, or construction between the inventions of Gauthier and Wilgus. It is urged that the Gauthier patent is intended for spraying trees and plants; that it differs in shape from that of Wilgus; and that it delivers the fluid in the form of mist, whereas the Wilgus sprinkler delivers water for sprinkling purposes only, and in the form of drops; that in the one patent the opening for the discharge of the fluid is smaller than the opening for its inlet into the nozzle, while in the other the reverse is true. Other points of difference are pointed out. All these questions were properly submitted to the jury. There was evidence to the effect that the principle of both sprinklers was the same, and that there operation was the same. It does not follow as a rule of law that, because the Gauthier sprinkler was used in sprinkling trees, and delivered the fluid in the form of mist, the Wilgus sprinkler, which was used to sprinkle lawns, and delivered the water in drops, was not anticipated in the prior invention,"—citing Tucker v. Spalding, 13 Wall. 453; Smith v. Nichols, 21 Wall. 112; Machine Co. v. Murphy, 97 U. S. 120, 125; Machine Co. v. Keith, 101 U. S. 479.

One of the questions in the present suit is whether the judgment in the action just referred to is conclusive of the rights of the present parties. The defendant to this suit was the plaintiff in that action, and the complainant in the present suit is the successor in interest of the defendants in that action; the present bill as amended alleging, and the answer thereto not denying, that the complainant, prior to the commencement of the suit, acquired, by mesne conveyances, the

Gauthier patent, and the rights thereby conveyed, for all the states and territories of the United States, together with all royalties for the use thereof within the states and territories of the United States, and the right to recover any and all damages growing out of any infringement within such states or territories of that patent. The bill further alleges that on and after June 9, 1890, and up to the commencement of this suit, and during the life of the Gauthier patent, the defendant, Wilgus, without license, and against the will of the complainant and its assignors, did make and use, and cause to be made and used, a large number of specimens of an apparatus or machine containing and embodying substantially the invention covered by the complainant's patent, in infringement of the exclusive right thereby granted and secured to the complainant, to the profit of the defendant and the injury of the complainant; that the defendant claims the right to make and use, and to cause to be made and used, such machines under the subsequent and hereinbefore mentioned patent issued to him for improvements in lawn sprinklers. The bill as amended then pleads the judgment rendered in the law action of Wilgus against Germain and others, already mentioned, as a conclusive determination of the rights and obligations of the respective parties in respect to the two patents mentioned, and prays an accounting by the defendant of the profits derived by him growing out of the alleged sales by him of the machines mentioned, and that he be adjudged to pay the amount of such profits, with costs, and be enjoined from the further infringement of the complainant's patent. The answer of the defendant to the amended bill does not deny the making, sale, or use by him of lawn sprinklers in accordance with the patent issued to him, but does deny and put in issue the averments of the bill in respect to the identity or similarity of the two patents, and does deny any infringement by the defendant of the Gauthier patent. The answer admits the rendition and entry of the judgment in the law action of Wilgus against Germain and others, but denies the effect thereof as alleged in the bill. It alleges that the defendant is the original inventor of the lawn sprinkler described and claimed in the Wilgus patent, in conformity with which, he alleges, were all the sprinklers made, used, or sold by him, or that were by him caused to be made, used, or sold, and denies that he has ever claimed the right to make or use, or cause to be made or used, any apparatus or machine containing or embodying the invention covered by the Gauthier patent. It is true, as claimed by counsel for the defendant, that the validity of the latter patent was not involved in the action of Wilgus against Germain and others. But it is also true that there is nothing in the answer to the bill in the present suit, or in the evidence, to call in question its validity. It is therefore to be taken as valid; for, having been produced, the patent is prima facie evidence that the patentee first made the discovery claimed by him as an invention, and that it did in fact constitute a new and useful invention. So was the Wilgus patent, prima facie, valid when it was brought in question in the action between Wilgus and the predecessors in interest of the present complainant. In that action the validity of the Wilgus patent was directly involved, for the action was, as has been

seen, one for the recovery of damages for its alleged infringement, in which the defendants to the action contested the validity of the patent, on the ground that Wilgus was not the inventor of the sprinkler therein described, but substantially copied the device previously patented to Gauthier.    Unless that defense had been sustained in that action, the plaintiff there would unquestionably have been entitled to judgment; for it clearly appears from the transcript of the record in that case, which has been introduced in evidence in the present suit, that it was not disputed that there was an infringement of the Wilgus patent by the defendants, if that patent was valid.    Said the court in its instructions to the jury in that case:

"If the plaintiff's patent is valid, it is not disputed that there was an infringement of it by the defendants.   But the defendants contend that the plaintiff's patent is invalid; that he never did invent the sprinkler claimed by him as an invention; that it was but an adaptation of an invention made by one Gauthier, for which the United States issued to him a patent, on the 17th day of July, 1888.   If that be true, it will follow that the patent issued to the plaintiff was invalid."

In that action, as shown by the record, many forms of the devices described in the two patents were introduced in evidence, including sprinklers made and sold by the defendants thereto, similar to the Wilgus sprinklers, and which were confessedly infringements of the Wilgus patent if it was valid.    Much expert testimony was also introduced in that action in respect to the alleged similarity and dissimilarity of the various exhibits, and the jury was given observation of the practical operation of the sprinklers made in accordance with the Wilgus patent, and of the various forms of the device described in the previous patent issued to Gauthier.    After instructing the jury in respect to the law applicable to the case, the court proceeded to say to the jury in that action:

"You have heard the testimony of the witness Lyall, to the effect that in 1887, while he and the plaintiff were working in the Los Angeles Tool Works, the plaintiff brought to him [Lyall] a device similar to Defendants' Exhibit 4, which witnesses for the defendants have testified was made in conformity with the Gauthier patent, and that the suggestion was then made that that device enlarged would make a good sprinkler, and that both he and Wilgus copied that device, from which they made sprinklers similar to those introduced in evidence as the 'Wilgus' and 'Crown' sprinklers.   This testimony of Lyall is denied by the plaintiff.   It is for you to say which of these witnesses told the truth, for you are the exclusive judges of the credibility of each and every witness.   If it be true that the plaintiff, in the construction of his sprinkler, copied in substance the device patented to Gauthier, it follows, as a matter of course, that he was not the inventor of his sprinkler; for, as I have already said to you, a patentable invention is a mental result, and must be new as well as useful.   Inventive genius is properly encouraged by the law, which is careful to protect real inventors in the enjoyment of the results of their genius.   But it is equally carefully to withhold relief from, and to dismiss from its precincts, mere pretenders and copyists of other men's inventions.   Unless the evidence satisfies you that the instrument or device described in the Gauthier patent was based upon substantially the same principles of construction, and did produce in substantially the same way substantially the same results, as the sprinkler claimed to have been invented by the plaintiff, or that the plaintiff, Wilgus, instead of inventing the sprinkler claimed by him, merely copied, in its construction, the prior invention of Gauthier, then the court instructs you that the prima facie case made by the introduction of the plaintiff's patent has not been overcome; and in

that event your verdict should be for the plaintiff, if you further find there has been an infringement of it by the defendants."

From what has been said it is plain that the verdict and judgment in the case of Wilgus against Germain and others were based, and could only have been based, upon the ground that the Wilgus patent was a mere adaptation of the device covered by the prior patent issued to Gauthier, and shown by the various forms of machines introduced in evidence as exhibits in the case, and was for that reason invalid. That the judgment thus given—the court having jurisdiction of the subject-matter and of the parties—is good as a plea in bar, and conclusive when given in evidence in a subsequent suit between the same parties or their privies, upon the same point, is well settled. Hopkins v. Lee, 6 Wheat. 109; Bank v. Beverly, 1 How. 134; Thompson v. Roberts, 24 How. 233; Cromwell v. Sac Co., 94 U. S. 351; Lumber Co. v. Buchtel, 101 U. S. 638; Russel v. Place, 94 U. S. 606. It results that that judgment is a conclusive determination, as between the present parties, not only of the invalidity of the Wilgus patent, but that sprinklers made in conformity with that patent are substantially copies of the device patented to Gauthier.    The record in the former case clearly shows that that precise question was raised and determined by the verdict and judgment in that action.  ·Even if it be conceded that this would not appear from the general verdict and judgment, considered by themselves, yet the law is that, to apply the judgment and to give effect to the adjudication actually made, resort may be had to extrinsic evidence.    Russel v. Place, 94 U. S. 608.    In the present instance, the special verdict of the jury, as well as the evidence in the action of Wilgus against Germain and others, embodied in the transcript introduced in evidence here, abundantly shows that the question whether sprinklers made in conformity with the Wilgus patent are substantially copies of the device patented to Gauthier was distinctly raised in that action, and determined against the plaintiff there, defendant here.    In the present suit it is not denied, but affirmatively shown, that the sprinklers made, used, and sold by the defendant also conformed to the patent issued to him, and are therefore similar.

There must be an interlocutory decree for the complainant, and a reference to a master to take the accounting prayed for.