EASTERN PAPER-BAG CO. *v.* NIXON *et al.*

*(Circuit Court, S. D. Ohio, W. D.   July 27, 1888.)*

1. PATENTS FOR INVENTIONS—ABANDONMENT—DESCRIPTION OF PROCESS IN AP-
     PLICATION FOR MACHINE PATENT.
         Description of a process in an application for a machine patent does not con-
     stitute an abandonment or dedication to the public of such process, so as to
     estop the inventor from subsequently obtaining a patent for the process, if
     applied for within two years from the date of the machine patent.   Following
     *Paper-Bag Co.* v. *Paper-Bag Co.*, 30 Fed. Rep. 63.

2. SAME—INFRINGEMENT—PRELIMINARY INJUNCTION.
         Upon motion for a preliminary injunction against the infringement of a pat-
     ent, all the questions arising upon opposition to said motion having been set-
     tled favorably to complainant in a suit between said complainant and others,
     in another court, but a later decision of the supreme court in another case
     being thought to conflict with the former, where the defendants are engaged
     in an extensive manufacturing business, which would be entirely broken up
     by a temporary injunction, so that it could not be restored in case of a final
     decision in their favor, thus working defendants an irreparable injury, they
     should be allowed to give bond conditioned to satisfy the decree of the court
     against them for damages by infringement pending the suit, in case any be
     rendered; and in default of such bond within a fixed time, such injunction
     should be granted.

In Equity.   Motion for preliminary injunction.

Bill by the Eastern Paper-Bag Company against Thomas Nixon and
others, to restrain the alleged infringement of letters patent.

*Livermore & Fisher* and *B. F. Thurston.* for complainant.

*Parkinson & Parkinson,* for respondents.

SAGE, J.   The complainant cites in support of his motion the opinion
of the court in *Paper-Bag Co* v. *Paper-Bag Co.*, 30 Fed. Rep. 63, filed
in the circuit court of the United States for the district of Massachusetts,
February 17, 1887.   The suit was for infringement of letters patent
granted to Daniel Apple, May 23, 1882, for a process of making paper-
bags, and this suit is for infringement of the same patent.   In *Paper-Bag
Co.* v. *Paper-Bag Co.*, one of the defenses was that letters patent were
granted to the same Daniel Apple on the 31st of August, 1880, for a
paper-bag machine, which in operation embodied and exercised the pro-
cess which was the subject of the patent in suit; and that Apple, by pro-
curing said patent, and omitting to claim or to reserve the right to
claim the process involved in its operation, abandoned to the public
any claim he might otherwise have had to the process subsequently
patented to him.   This proposition is urged here against the complain-
ant's motion.   It was overruled in *Paper-Bag Co.* v. *Paper-Bag Co.*   The
court said:

"The question we have to decide is whether the description of another. in-
vention in a prior patent by the same inventor forfeits his right to take out a
subsequent patent for such invention.   I do not understand that the supreme
court have held that such prior description is a dedication to the public of the
second invention.   The invention of a machine and a process employed in the
use of the machine being different things, it is difficult to see how the appli-

cation for a patent on one should operate as an abandonment of any claim to a patent on the other, provided, of course, the application for the second patent is made before the statutory forfeiture of two years' prior use has run. This view is in harmony with the decision of the circuit courts where the question has arisen."

The court then cited a number of cases, and concluded as follows:

"The patent in suit having been applied for within two years from the date of the machine patent, there was no abandonment of the second invention, though a description of such invention was found in the prior patent."

Counsel for complainant, in support of the motion, urge that every point presented here was fully argued upon the hearing of *Paper-Bag Co.* v. *Paper-Bag Co.*, 30 Fed. Rep. 63, fully considered by the court, and decided in favor of the complainant; and that a decision so arrived at should be respected and followed on a motion for preliminary injunction in every other circuit, unless some new matter of law, or some new fact, be introduced by the defense which should receive special consideration. *Vulcanite Co.* v. *Willis*, 1 Flip. 388, is cited as establishing their proposition as a rule, especially in this circuit. This court needs no rule to incline it to the highest respect for the decision of other federal courts. The rule is recognized as founded in comity, necessary to the harmony of the federal judicial system, and, rightly construed and within its proper limits, altogether salutary. Numerous cases could be cited, however, to show that it is neither rigid nor universal in application, and that it is not to be construed to compel a federal judge to put aside his own deliberate and clear conclusion to follow a decision which he is fully convinced is wrong. Under such a construction, the tendency of the rule would be to greatly impair, if not to destroy, the independence of the federal judiciary. But if there be doubt or uncertainty, the previous decision ought to be sufficient to settle it.

Counsel for defendants insist that the decision in *Paper-Bag Co.* v. *Paper-Bag Co.*, is in direct conflict with the decision of the supreme court in *James* v. *Campbell*, 104 U. S. 356; but that case was cited by counsel upon the hearing of *Paper-Bag Co.* v. *Paper-Bag Co.*, and is referred to and distinguished in the opinion of the court. Counsel for defendants cite *Lock Co.* v. *Mosler*, 127 U. S. 354, 8 Sup. Ct. Rep. 1148, (decided by the supreme court of the United States, May 14, 1888.) In that decision the supreme court, Justice BLATCHFORD delivering the opinion, held that, even where the application for the second patent was pending before the issue of the first, and where the second patent actually issued 28 days after the issue of the first, and where the first disclosed, but did not claim, the process which was the subject of the second, the second was invalid, because it involved no patentable invention, in view of what was the subject of the first. The language of the court is as follows:

"It is apparent that the claim for the process in No. 283,136 is merely for the process or method of cutting away or removing the metal, so as to permit of the bending, and of doing the bending, and of producing the close joint as

the bending takes place; such process or method being merely the process or method involved in making the article covered by claims 1 and 2, of No. 281,-640. In other words, claims 1 and 2 of No. 281,640 are each for an article produced by a described method or process, and the claim of No. 283,136 is for such method or process of producing such article. The method is a purely mechanical method. No. 281,640 was applied for more than 11 months before No. 283,136 was applied for, and was issued 28 days before No. 283,136 was issued. There was no patentable invention in No. 283,136 when it was applied for, in view of what was applied for by claims 1 and 2 of No. 281,640. After a patent is granted for an article described as made by causing it to pass through a certain method of operation to produce it, as, in this case, cutting away the metal in a certain manner, and then bending what is left in a certain manner, the inventor cannot afterwards, on an independent application, secure a patent for the method or process of cutting away the metal and then bending it so as to produce the identical article covered by the previous patent, which article was described in, that patent, as produced by the method or process sought to be covered by taking out the second patent."

. What effect this decision ought to have upon the decision in *Paper-Bag Co.* v. *Paper-Bag Co.*, will be reserved for consideration until the final hearing. For the purposes of the complainant's motion, at least, this court will recognize and follow the decision in *Paper-Bag Co.* v. *Paper-Bag Co.* But there are considerations, to which the court will now refer, 'that will induce the court to decline to grant unqualifiedly the complainant's motion. The defendants are engaged in an extensive business, which would be so entirely broken up by a temporary injunction that it could not be reinstated in the event of a decision in their favor upon final hearing, and, in view of the decision in *Lock Co.* v. *Mosler*, this consideration ought not to be lost sight of. It was stated by counsel for complainant, in the course of the argument upon the motion, that the complainant has established a license fee. If the decree, upon final hearing, be in its favor, it will therefore have its remedy, by way of royalty. To stop the works of the defendants now, without offering to them any alternative, might be to inflict upon them irreparable damage. The language of Justice GRIER, in *Parker* v. *Sears*, 1 Fish. Pat. Cas. 93, is applicable here (page 101:)

"The chief object of issuing such writs before the final hearing of the cause is to prevent irreparable mischief, not to give the complainant the means of coercing a compromise on his own terms, from the inevitable injury that defendants must suffer by the stoppage of these mills and manufactories."

Also, page 103:

"To such a demand we may well use the language of Lord COTTENHAM, in *Neilson* v. *Thompson*, 1 Webst. Pat. Cas. 275: 'It seems to me that stopping the works under the circumstances is just inverting the purpose for which an injunction is used. An injunction is used for the purpose of preventing mischief. This would be using the injunction for the purpose of creating mischief, because the plaintiff cannot possibly be injured.'"

See, also, Judge LOWELL, in *Potter* v. *Whitney*, 1 Low. 87.

"And even when the title is clear, yet if there are peculiar circumstances which show that the defendant's interests would be very injuriously affected by an injunction, while those of the plaintiff would not be so affected by refusing it, it may be refused."

The order of the court will be that the defendants, within 30 days after notification to them of the filing of this ruling and of the entry of the order, execute and file with the clerk of the court their bond to the complainant in the sum of $5,000, conditioned that if the decree of the court be against them they will fully and truly account for and pay to the complainant such damages, profits, or royalty as the court may find and decree against them by reason of their use of complainant's patented process pending this suit. In default of such bond the complainant's motion will, upon application, be granted.