CELLULOID MANUF'G CO. *v.* EASTMAN DRY PLATE & FILM CO.

SAME *v.* EASTMAN CO.

(*Circuit Court, N. D. New York.*   April 25, 1890.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

A preliminary injunction for infringement of letters patent Nos. 269,340, 269,343, and 269,344, issued to John H. Stevens December 19, 1882, for improvements in the manufacture of pyroxyline compounds, will be denied where it appears that defendants are responsible, and are manufacturing under letters patent No. 417,202, granted to Henry M. Reichenbach, thin films for photographic purposes used only on rolls owned by defendants, and alleged to be patented, and that plaintiffs have never manufactured films in that form or for that purpose.

Motions for Preliminary Injunctions.

*Frederic H. Betts,* for the motion.

*M. B. Philipp,* opposed.

COXE, J.   This action is founded upon three letters patent, granted to John H. Stevens on the 19th day of December, 1882, for improvements in the manufacture of pyroxyline compounds.   They are numbered respectively 269,340, 269,343 and 269,344.   No. 269,343 was, after litigation, declared valid by this court.   *Celluloid Manuf'g Co. v. American Zylonite Co.,* 35 Fed. Rep. 301.   The other two have not been adjudicated, but they are for analogous improvements.   The principal contention here is upon the question of infringement.   The defendants manufacture a film for photographic purposes pursuant to the formula of a patent, No. 417,202, owned by them and granted to Henry M. Reichenbach.   These films are very thin, are made in long lengths wound on spools, and are intended for use in cameras provided with roll-holders.   The complainant has never made for sale photographic films in this form or adapted to this use.   It has, therefore, no customers to supply in this particular branch of industry.   It is entirely clear that an injunction will subject the defendants to injury of the most serious character without corresponding advantage to the complainant.   The defendants are not interfering with complainant's market.   The films which they manufacture have no market except as they are used in roll-holders sold by them, and protected, it is alleged, by their patents.   Should the defendants cease making these films the complainant would not be materially benefited, unless the defendants abandon their defense and take a license under the patents in suit.   That the defendants are amply responsible and able to pay any amount which the complainant may recover against them is not questioned.   If the case were one where the defendants' conduct is destroying or may destroy complainant's business the situation would be different.   The complainant may acquire the right to furnish these films and increase its business to this extent, but there can be no great hardship in holding this right in abeyance during the few months that will elapse pending the final hearing.   The defendants strenuously

maintain that they do not infringe.   There is no reason to dispute their good faith in this regard.   Their process is covered by a patent and their experts are confident that they do not use the Stevens process. This important question ought not to be determined on affidavits.   The present aspect may be changed when the *ex parte* opinions of the affiants have passed through the alembic of a trial and have thus been distilled and purified.   Many theories now advanced may not be able to stand the test of cross-examination.   It is sufficient that the question of infringement should not be determined upon affidavits in a case where no serious injury will be done by postponing the decision until the final hearing.   *Fire Hose Manuf'g Co.* v. *Callahan Co.*, 41 Fed. Rep. 50; *Carey* v. *Miller*, 34 Fed. Rep. 392; *New York Grape Sugar Co.* v. *American Grape Sugar Co.*, 20 Blatchf. 386, 10 Fed. Rep. 835.   The motions are denied.