STANDARD ELEVATOR CO. et al. v. CRANE ELEVATOR CO.,
(two cases.)

(Circuit Court of Appeals, Seventh Circuit. May 2, 1893.)

Nos. 48, 49.

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
   A preliminary injunction to restrain the alleged infringement of a patent should not be granted, where the financial ability of the defendant to respond in damages is not successfully attacked, and the proof of complainant's rights and defendant's infringement is not free from doubt.

Appeal from the Circuit Court of the United States for the Northern District of Illinois. Reversed

Hall & Brown, for appellants.

Raymond & Veeder, for appellee.

Before GRESHAM and WOODS, Circuit Judges, and JENKINS, District Judge.

JENKINS, District Judge. The bills of complaint in these two cases were filed by the Crane Elevator Company to enjoin the alleged infringement of certain claims in several patents for improvements in hydraulic elevators, viz.: Claim 1, of patent No. 317,202, issued to George H. Reynolds May 5, 1885; claims 2, 4, and 6 of patent No. 328,614, issued to George H. Reynolds October 20, 1885; claim No. 3 of patent No. 248,908, issued to Cyrus W. Baldwin November 1, 1881; claims 1, 4, and 5 of patent No. 456,107, issued to Cyrus W. Baldwin July 14, 1891; claims in patent No. 456,122, issued to George H. Reynolds July 14, 1891; claims in patent No. 309,865, issued to Joseph Moore December 30, 1884; claims in patents No. 458,917, issued to George H. Reynolds September 1, 1891. Before answers to the bills, the complainants moved for injunctions pendente lite, which motions were heard upon bills and answers, and upon ex parte affidavits, and models constructed by the parties, respectively. The court below, at the hearing of the motions, granted preliminary injunctions on the first claim of patent No. 317,202, and on the second and fourth claims of patent No. 328,614, and on the first, second, and third claims of patent No. 458,917. The devices, the use of which was enjoined, are known as (1) the "Bottom Water Discharge;" (2) the "Air Escape;" (3) the "Lever Device;" (4) the "Compensatory Device." The appeal involves the propriety of these preliminary injunctions. The answers deny infringement; deny invention, novelty, and public acquiescence.

The principles upon which courts of equity grant the writ of injunction in advance of a decree upon the merits are elementary. The purpose of the interlocutory writ is not to conclude the question of right, but to protect against material injury pending the litigation. In patent cases, to warrant the writ, not only must the infringement be without reasonable doubt, but the rights of the patentee must be clear. Failing prior adjudication in favor of the validity of the patent, there must be shown such continued public acquiescence in the exclusive right asserted as raises a presumption of validity; a presumption not arising from the letters patent, unless accompanied by public acquiescence. The object of the provisional remedy is preventive, largely; and it will not be granted if it is more likely to produce, than to prevent, irreparable mischief. If the controversy between the parties be substantial, and not, as to the alleged infringer, colorable, merely, courts of equity are not disposed to adjudicate upon the rights of the parties otherwise than according to the approved usages of chancery, when the defendant's rights might, by the issuance of a writ of injunction,

be put in great jeopardy, and the complainant can be compensated in damages. Without passing any opinion upon the complainant's right, or the defendant's infringement, it suffices to say that upon the proofs in the record we cannot declare that the right or the infringement is so clear from doubt as to warrant the issuance of a preliminary injunction. The evidence as to construction of claims and infringement, upon which the court below was called to pass, was largely and necessarily ex parte. There was no opportunity of probing the witnesses. Scientific expert evidence is not wholly reliable when not subjected to the search light of intelligent cross-examination. It would, we think, be most unsafe to determine this controversy without full and orderly proof. It would be most unwise to imperil, and presumably wholly ruin, the large capital and interests involved in the business of the appellants, by arresting the enterprise in advance of a final decree, when the damages which the appellee may sustain can be compensated in money. The financial ability of the appellants to so respond has not, in our judgment, been successfully attacked.

The order appealed from will be reversed.