RANSOME et al. v. HYATT.

(Circuit Court of Appeals, Ninth Circuit. June 27, 1895.)

No. 201.

PATENTS—ACTION AT LAW FOR INFRINGEMENT — PRESUMPTION FROM DEFEND-
ANT'S PATENT.
   In an action at law, where the alleged infringing machine is made under
   a subsequent patent, defendant is entitled to an instruction that the is-
   suance of such patent creates a prima facie presumption of a patentable
   difference from the machine of complainant's patent. Miller v. Manufac-
   turing Co., 14 Sup. Ct. 310, 151 U. S. 208, and Boyd v. Tool Co., 15 Sup. Ct.
   837, followed and applied.

   In Error to the Circuit Court of the United States for the Northern
District of California.

   This was an action at law by Thaddeus Hyatt against Ernest L.
Ransome and others for infringement of a patent for improvements
in compositions for floors, roofs, pavements, etc.   In the circuit court
there was a verdict and judgment for plaintiff in a nominal sum, and
defendants bring error.

   Wheaton, Kalloch & Kierce, for plaintiffs in error.
   John L. Boone, for defendant in error.

   Before GILBERT, Circuit Judge, and KNOWLES and BELLIN-
GER, District Judges.

   GILBERT, Circuit Judge.   The defendant in error was the plain-
tiff in an action at law brought to recover damages for the infringe-
ment of the Hyatt letters patent, No. 206,112, of date July 16, 1878,
for an improvement in composition floors, roofs, pavements, etc.
The specification of the patent refers to what are claimed to be "new
and useful improvements in the use and application of hydraulic
cements and concretes in combination with metal as a building mate-
rial," etc., and describes the building material so referred to as hy-
draulic cement, "concrete," etc., and describes the combination there-
with of metal bars or ties embedded therein, and having their sur-
faces roughened in some manner to prevent them from slipping hori-
zontally in the material, and proceeds thus:

   "To prevent slipping, these ties require also a roughened surface. This
roughened or nonslipping surface may be made in many ways. For some pur-
poses a mere sanded, tarred surface may possibly suffice, but I prefer to use
metal specially rolled for the purpose, with bosses or raised portions formed
upon the flat faces of the metal."

   The defendants manufactured building material in a manner simi-
lar to that described in the Hyatt patent, the only difference being
that, instead of using metal rods with projections or bosses pro-
duced in the casting, they used a square rod, so twisted as to present
the appearance of a screw.   For the use of the twisted rod in such
combination, the defendants had secured a patent of date September
16, 1884, which was read in evidence.   The only assignment of error
necessary to be considered is the refusal of the court to instruct the
jury concerning the effect to be given to the fact that a patent had
so issued to the defendants.

In Corning v. Burden, 15 How. 265, the supreme court, after referring to the presumption which attends the fact that, after an examination of the records of the patent office, a patent has been issued for the plaintiff's invention, said:

"It is not easy to perceive why the defendant who uses a patented machine should not have the benefit of a like presumption in his favor, arising from a like investigation of the originality of his invention, and the judgment of the public officers that his machine is new, and not an infringement of the patent previously granted to the plaintiff."

The case of Blanchard v. Putnam, 8 Wall. 420, overruled this holding of the court, and decided that evidence of the defendant's patent is not admissible.

The decision in Blanchard v. Putnam was followed in the trial of this case, as also in that of Norton v. Can Co., 59 Fed. 137, where it was said:

"Abstractly, it would seem that, if the plaintiff's patent was prima facie evidence of novelty (difference from things before it); a subsequent patent to the defendant, or for a device used by defendant, would be prima facie evidence of novelty (difference from all things before it, and hence from the plaintiff's device), and hence would be admissible in evidence on the issue of infringement, and its use would be innocent; and it was so held in Corning v. Burden, 15 How. 271. But this case was overruled in Blanchard v. Putnam, 8 Wall. 420."

The recent cases, however, of Miller v. Manufacturing Co., 151 U. S. 208, 14 Sup. Ct. 310, and Boyd v. Tool Co., 15 Sup. Ct. 837, citing Pavement Co. v. Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312, expressly affirm the doctrine of Corning v. Burden, and hold that the issuance of the defendant's patent creates a prima facie presumption of a patentable difference from the prior patent of the plaintiff. The plaintiff in error was entitled, therefore, to an instruction which would permit the jury to consider the presumption that the law creates from the fact that a patent has issued in any case. The judgment will be reversed at the cost of the defendant in error, and remanded for a new trial.