WHIPPANY MFG. CO. et al. v. UNITED INDURATED FIBRE CO. OF NEW JERSEY et al.

(Circuit Court of Appeals, Third Circuit. March 28, 1898.)

No. 11.

1. PATENTS—PRELIMINARY INJUNCTIONS—PRIOR DECISION.
   A prior adjudication sustaining a patent is good ground for issuing a preliminary injunction only when the proof of infringement is clear and convincing; and the injunction should be denied when it does not appear that the construction then given to the patent was the same as that claimed in the case at bar, or broad enough to cover the respondent's process.

2. SAME.
   An order granting a preliminary injunction against the infringement of reissue No. 10,282 (original No. 267,492), for a process for rendering paper or pulp articles hard, tough, and impervious, and the Keyes patent, No. 342,609, for a pail or other similar article made of wood pulp or similar fibrous material, reversed on appeal because the proof of infringement was not sufficiently clear. 83 Fed. 485, reversed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by the United Indurated Fibre Company of New Jersey and others against the Whippany Manufacturing Company and others for alleged infringement of letters patent No. 267,492 (reissue No. 10,282) for a process of rendering paper or paper pulp articles hard, tough, and impervious; and also letters patent No. 342,609, to Martin L. Keyes, for a pail or other similar article formed of wood pulp or other similar fibrous material. The circuit court made an order granting a preliminary injunction (83 Fed. 485), and the defendants have appealed.

M. H. Phelps and M. B. Philipp, for appellants.
Charles Neave and Frederick P. Fish, for appellees.

Before ACHESON, Circuit Judge, and BUTLER and BRADFORD, District Judges.

BUTLER, District Judge. This is an appeal from a decree for preliminary injunction. The facts are well stated in the opinion filed below, and need not be repeated here. The learned judge discussed the exhibits and affidavits intelligently and carefully, apparently as if the case was up for final hearing. Were we required to determine the rights of the parties finally, on this evidence we might possibly adopt his conclusions. We are not however. That determination must await a future hearing, when the exhibits may be considered in the light of what witnesses say on examination and cross-examination in presence of the parties. The only question now presented is whether the complainants' rights as claimed, are so entirely clear as to justify the preliminary writ awarded. The rule governing such cases

is well settled. While the remedy is a valuable one, it is also a dangerous one; and when applied improvidently may work irreparable mischief. It should never be applied when the complainant's case is doubtful—except indeed where the object is merely to preserve the status quo, as when alleged rights are menaced. As the court said in Brush Electric Co. v. Electric Storage Battery Co., 64 Fed. 775:

"While it is well settled that a preliminary injunction will issue almost as matter of course in any given case where the defendants are shown to be guilty of infringement, after an adjudication establishing the validity of the letters patent involved in the litigation, yet it is equally well settled that to warrant and justify the exercise of this extraordinary power, the proof of the alleged infringement must be clear and decisive. Equity peremptorily insists that such action, so drastic in its effects, shall be taken only in those cases wherein a clear undoubted equitable right to the interference of the court is shown. * * * It must be apparent that affidavits ex parte as they are, can only be productive of doubt. * * * The existence of such doubt must control the action of the court."

In Machine Co. v. Adams, Fed. Cas. No. 752, Judge McKennan said:

"A motion for a provisional injunction is always an appeal to the discretion of the court, but, in the class of cases to which the present one belongs, such discretion ought to be exercised only when 'the complainant's title, and the defendant's infringement, are admitted, or are so clear and palpable that the court can entertain no doubt on the subject.' 'The court are not bound, at this stage of the cause to decide doubtful and difficult questions of law, or disputed questions of fact, nor exercise this high and dangerous power (if exercised rashly) in doubtful cases, before the alleged offender shall have an opportunity of a full and fair hearing.' "

In Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718, the court of appeals for the Seventh circuit said:

"Without passing any opinion upon the complainant's right or the defendant's infringement, it suffices to say that, upon the proofs in the record, we cannot declare that the right or the infringement is so clear from doubt as to warrant the issuance of a preliminary injunction. The evidence as to construction of claims and infringement, upon which the court below was called to pass, was largely and necessarily ex parte. There was no opportunity of probing the witnesses. Scientific expert evidence is not wholly reliable when not subjected to the searchlight of intelligent cross-examination. It would, we think, be most unsafe to determine this controversy without full and orderly proof. It would be most unwise to imperil, and presumably wholly ruin, the large capital and interests involved in the business of the appellants by arresting the enterprise in advance of a final decree when the damages which the appellee may sustain can be compensated in money."

Here the complainants' case is not clear. It is not so when judged by the exhibits alone, and when the respondents' affidavits are considered the doubt is increased. These affidavits are met by counter affidavits; but this simply raises an additional question, which can only be decided on final hearing. No description of evidence is so unreliable as ex parte affidavits, and disputed questions can never be safely decided upon it.

The complainants' patent was sustained by the circuit court of New Jersey in a suit against the New York Wood Fibre Company; but it does not appear that the construction there given it was such as is now claimed, and broad enough to cover the respondents' process, and thus subject them to the charge of infringement.

A further discussion of the subject is unnecessary at this time, and might lead to embarrassment hereafter.

For these reasons the decree must be reversed.