RICHMOND MICA CO. v. DE CLYNE et al.

(Circuit Court, D. New Jersey. December 14, 1898.)

1. PRELIMINARY INJUNCTION—SUFFICIENCY OF SHOWING.

A preliminary injunction will not be granted prohibiting a defendant from continuing an employment alleged to be in violation of a contract with the complainant, on a bill which does not set out such contract, nor disclose the circumstances surrounding its execution, so as to enable the court to judge of its validity.

2. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted to restrain the use of a machine alleged to infringe a patent which has not been adjudicated upon, when the bill does not disclose any use or public acquiescence in the same, and proof of infringement is not clear.

This is a suit in equity by the Richmond Mica Company against Gustav De Clyne and others for infringement of a patent and the specific enforcement of a contract. Heard on motion for preliminary injunction.

Charles Black and Benjamin West, for the motion.

Charles L. Corbin, opposed.

KIRKPATRICK, District Judge. The bill filed in this cause has two separate and distinct objects: (1) To determine the validity of a patent claim, and an adjudication as to whether some of the defendants, who are associated as the Homestead Mica Company, are using an infringing machine; and (2) to obtain the specific performance of a contract said to have been entered into by another defendant not to manufacture mica for three years from the date of said agreement.

The defendant Robert W. Traylor is an employé of the Homestead Mica Company, but otherwise has no interest in the company, nor have they in the subject-matter of the suit against him. Without considering the question raised as to the multifariousness of the bill, it will be sufficient at this time to say that the complainant does not show itself entitled to the relief sought on either branch of the case.

The contract said to have been entered into between the complainant and the defendant Traylor has not been set out in the bill of complaint, nor has a copy been annexed thereto. It is impossible, therefore, for the court to determine the rights of the parties thereunder. No opportunity is afforded the court to examine the circumstances surrounding its execution, to ascertain whether the considerations were full and fair, or whether, by reason of its general provisions, it would be void as being in restraint of trade. As the case is presented to the court, it would not be justified at this time in forbidding the defendant to follow an employment which he says is necessary for the support of himself and family.

The patent of the complainant has never been adjudicated upon, nor does the bill disclose any use or public acquiescence in the same. The first claim, upon which alone the complainant relies, seems to be a very narrow one. The earlier patents produced show that in no sense can it be said to be in the pioneer ranks. It is not so claimed. The complainant's evidence of infringement consists solely in a statement

said to have been made by an employé of the defendants, that the machines used by the Homestead Mica Company were the same as the complainant's patented machines. This statement of fact is uncorroborated by the testimony of any expert who has seen or examined either machine. Standing alone, such testimony would not carry convincing weight to the mind of the court; much less does it do so when, as in this case, the employé denies having made the statement attributed to him. The defendants' answering affidavits call attention to radical differences in the machines, and their exhibits of prior patents cast a doubt upon the novelty of the complainant's device. Under the rule approved by the circuit court of appeals in this circuit in the case of Whippany Mfg. Co. v. United Indurated Fibre Co., 30 C. C. A. 615, 87 Fed. 215, the motion for preliminary injunction will be denied.