## SEILER et al. v. FULLER & JOHNSON MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1900.)

### No. 689.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

To authorize the issuance of a preliminary injunction in patent cases, the right must be clear, and the fact of infringement reasonably certain; and a restraining order, pending hearing on a motion for a preliminary injunction, which, by reason of the time when applied for, will have the effect of preventing the making of sales by defendant for a year, cannot properly be granted when infringement is positively denied in the answer, and no proof is offered. The proper practice in such cases, where complainant's rights are considered to be in peril, is to require a bond from defendant to respond in damages for all sales made if infringement shall be shown on final hearing.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

On motion for stay of injunction.

Charles M. Peck, for appellants.

Wm. R. Bagley and R. M. Bashford, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. The appellants, upon the docketing of the appeal, moved the court for an order to stay an injunction granted by the court below pending the hearing of a motion by that court for an injunction pendente lite. On the 14th of April, 1900, the Fuller & Johnson Manufacturing Company filed its bill against the appellants here for infringement of certain patents for improvements in transplanters, whereupon subpœna issued requiring the defendants to show cause on the 7th day of May why an injunction should not issue according to the prayer of the bill. On that day the defendants appeared, filed a sworn answer denying all the equities of the bill, denying the validity of the patent, denying acquiescence in the patent, and denying infringement. Upon the filing of the answer the complainant seems to have waived its motion, and moved the court for an order to show cause on the 12th day of June why an injunction should not issue; manifestly being unprepared at that time to proceed, and clearly it was not entitled at that time, as the pleadings and proofs stood, to an injunction. Application was also made to the court at that time for an injunction or restraining order pending the hearing of the new motion. It also appeared that the season for the sale of such machines would end by the date fixed for the hearing of the motion, so that the practical effect of the restraining order would be to prevent the defendants for a year from making sales of machines, if they in fact infringed. It appears from the record that the patents in question had been considered by Judge Coxe, of the Northern district of New York, and their validity in large part sustained. It also sufficiently appeared, for the purposes of the motion, that the validity of the complainant's patents had been acquiesced in by the public for many years. The fact of infringement, however, did not sufficiently appear to warrant an injunction. It was alleged in the bill in general terms, and flatly denied by the

answer. No proofs were presented of the character or construction of the infringing machine, or in what respect, if at all, it did infringe. We have declared the grounds which would authorize the issuance of a preliminary injunction in patent cases (Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, 56 Fed. 718), and that, to authorize a writ, the right must be clear, and the fact of infringement reasonably certain. Here, for the purposes of an injunction, the exclusive right was, perhaps, clear, within the principles of comity as declared by the supreme court in the case of Mast, Foos & Co. v. Stover Mfg. Co. (decided April 23, 1900) 20 Sup. Ct. 708, Adv. S. U. S. 708, 44 L. Ed. ——; but the fact of infringement, standing merely upon allegations and denial, was not established. It will not do to say that no harm could result from the restraining order because the injunction merely went to the use of infringing machines, and that the defendants could not be harmed if their machines did not infringe. Courts do not issue their writs of injunction because no harm can result from them. They issue them to preserve rights which are shown to have been invaded. It would not be just to put upon the defendants the hazard of being in contempt of court for disobedience of its orders, if they honestly claimed their machine did not infringe, when it might thereafter be determined that it did infringe, and when the court had not considered or determined the question of infringement. We therefore think the court below, in granting the temporary restraining order, exceeded a just discretion in restraining the defendants before it had passed upon the question whether there was in fact infringement. There was no evidence before the court that the machines sold by the defendants were like the machine condemned by Judge Coxe as infringement of complainant's patent. The court required the complainant to give his bond in the sum of $10,000 to respond to the defendants for the damages they might sustain by reason of the injunction. It would be difficult, if not impossible, for one to show what sales he could have made but for an injunction, and what loss he had sustained by reason of it. It is a delicate matter to interfere with the discretion exercised by the court below in a matter of this kind. The duty to review these orders of injunction is, however, imposed upon us, and that we cannot disregard. It would have been more consistent with justice and the rights of the parties in granting the order to show cause, if the rights of the complainant were considered to be in peril, to have required of the defendants a bond to respond to the complainant for its damages by reason of sales if the machine should finally be determined to infringe the complainant's patented rights. We therefore are of opinion, and it will be so ordered, that upon the defendants filing in the court below a bond in the sum of $10,000, conditioned as is usual to account for all profits made and all damages which may be sustained by the complainant, and conditioned, if the court below shall deem proper, for the filing in the court of sworn statements of sales, the bond to be approved by the court both as to condition and sureties, the restraining order granted until the 12th of June be vacated. This order will be certified to the court below.