WESTINGHOUSE ELECTRIC & MFG. CO. v. AMERICAN TRANS-FORMER CO.

(Circuit Court, D. New Jersey. February 9, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A prior adjudication sustaining the validity of a claim of a patent, and finding infringement, is not sufficient to justify the granting of a preliminary injunction against another defendant, whose structure is different, and does not appear to be within the claim as construed in the former suit.

In Equity. Suit for infringement of letters patent No. 366,362, for cooling transformers, granted to George Westinghouse, Jr., July 12, 1887. On motion for preliminary injunction.

Thomas B. Kerr and Drury W. Cooper, for the motion.

Clifton V. Edwards, M. B. Philipp, and Geo. Whitfield Betts, Jr., opposed.

KIRKPATRICK, District Judge. This is an application for a preliminary injunction. The moving papers show that claim 4 of the patent in suit has been adjudged valid in the case of Westinghouse Electric & Manufacturing Company v. Union Carbide Company (C. C.) 112 Fed. 417, which decree was affirmed in the Circuit Court of Appeals for the Second Circuit. 117 Fed. 495. It appears from an inspection of that case that the only question involved was that of anticipation and want of novelty, infringement being admitted if that defense failed. The court held the claim valid, and its decree was sustained on appeal by the Circuit Court of Appeals. I do not consider the case authority for more than the validity of the claim. The structure of the defendant in the case at bar differs from that of the carbide company there in suit. The affidavits of the defendant now presented, together with an inspection of defendant's apparatus, convince the court that the merits of the controversy ought to await the final hearing.

The claim of the complainant's patent has been sustained, but it does not appear that the construction there given it was such as is now claimed, or that it would be applicable to the defendant's apparatus. Under these circumstances, a preliminary injunction should be refused. Whippany Manufacturing Co. v. Indurated Fibre Co., 30 C. C. A. 615, 87 Fed 215.

Let the rule to show cause be discharged, and a decree entered denying the motion for a preliminary injunction.