BYERLEY et al. v. STANDARD ASPHALT & RUBBER CO.

(Circuit Court, D. New Jersey. June 7, 1911.)

1. PATENTS (§ 303*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A court will not ordinarily on a motion for a preliminary injunction to restrain infringement of a patent determine the scope and validity of a subsequent patent under which defendant is operating, the presumption being, until overcome by proof, that it substantially differs from the earlier patent, and that defendant is acting within his rights.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 496–498; Dec. Dig. § 303.*]

2. PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction to restrain infringement of a patent denied where defendant had for 15 years been engaged in manufacturing the alleged infringing product under later product and process patents, and had an extensive business with a large investment and outstanding contracts, and where the question of infringement was doubtful on the showing made.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*]

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by Francis A. Byerley, executor, and others against the Standard Asphalt & Rubber Company. On motion for preliminary injunction. Denied.

W. K. Richardson and Harrison F. Lyman, for complainants.
Charles K. Offield and Frank L. Belknap, for defendant.

CROSS, District Judge. The bill of complaint in this case is founded upon patent No. 524,130, issued to one Francis X. Byerley August 7, 1894. It has been sustained by the Circuit Court for the Western District of Pennsylvania (181 Fed. 138), and by the Circuit

Court of Appeals of this circuit (184 Fed. 455, 106 C. C. A. 537). The matter, as now presented, is upon a motion for a preliminary injunction, based upon ex parte affidavits.

The claims relied upon herein are 1, 2, 3, 6, 7, 8, 9, and 10, some of which cover the process and others the product of the manufacture of asphalt from petroleum.

The defendant is operating under two subsequent patents issued October 24, 1899, to George F. Culmer and George C. K. Culmer, known as Nos. 635,429, and 635,430, one covering the process of making asphaltic fluxes and the other the product. It has been engaged, under said patents, in the manufacture of said product since it was organized in 1895, and has invested in its plant, which covers 70 acres, and is unincumbered approximately $1,000,000. It employs several hundred hands. Its business extends over the United States, into Canada, South America, and over the continent of Europe, and it has outstanding at the present time contracts representing in value $250,000, some of which are with the United States government. The business of the complainant is relatively small; and, while it is true that that fact does not offer any reason why he should not be given all the protection to which he is entitled, it does nevertheless furnish adequate reason for scanning the situation closely and carefully, in order to ascertain what, if any, equitable relief he is entitled to at this time.

It appears in the case, furthermore, that there is now pending in the Circuit Court of the United States for the Northern District of Illinois, Eastern Division, a suit instituted prior to this by the defendant against the complainant herein, in which the complainant is charged with infringement of the Culmer patents above mentioned; also, that the patentee (now deceased) of the patent in suit knew of the manufacture of the product called for by the Culmer patents between 1898 and 1901, but did not claim that his patent was thereby infringed. There is other testimony tending in the same direction, some of which, however, is denied. But, laying that aside, and turning to the patent in suit, it will be found to be essentially a distillation process. This appears not only from an inspection of the patent itself, but from the opinions of both of the courts of this circuit which have construed the patent. On behalf of the defendant there are three or four affidavits made by as many different experts who swear that there is absolutely no distillation in the Culmer process; furthermore, that the Culmer process and product are, both of them, essentially and radically different from those of Byerley. This impliedly follows from the grant of the Culmer patents. The file-wrappers of those patents are not in evidence, so that it cannot now be determined what, if any, reference was made by the examiner in the Patent Office to the Byerley patent, but the fact of their issue is presumptive evidence of their validity.

Infringement must be shown by clear and convincing testimony, and the burden of proving it rests throughout upon the complainant. Without by anything said herein intending to forestall in any way the ultimate decision of this case, it can nevertheless be emphatically held

at this time that the complainant has not sustained such burden. Doubts that now exist may or may not be resolved when the witnesses shall have been submitted to cross-examination, but, however that may be, it would be rash indeed for the court to overthrow the evidence of defendant's experts by force as it were, follow that up by putting its own unaided construction upon the claims of the Culmer patents, and then determine that they infringe the Byerley patent. It is sufficient to say that the question presented is not only perplexing, but so doubtful and uncertain under the evidence as to prohibit the issue of a preliminary injunction.

[1] The court will not ordinarily on a motion of this character determine the scope and validity of the claims of a subsequent patent under which a defendant is operating. Such a defendant is prima facie acting within his rights. The presumption is that the later patent substantially differs from the earlier.

In Pavement Co. v. City of Elizabeth, 4 Fish, 189, Fed. Cas. No. 312, Mr. Justice Strong said:

"The grant of the letters patent was virtually a decision by the Patent Office that there is a positive difference between the inventions. It raises the presumption that, according to the claims of the latter patentees, this invention is not an infringement of the earlier patent."

The above language was incorporated into the opinion of the Supreme Court in Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 261, 15 Sup. Ct. 837, 39 L. Ed. 973. See, also, Miller v. Eagle Mfg. Co., 151 U. S. 186, 208, 14 Sup. Ct. 310, 38 L. Ed. 121, and Randsome v. Hyatt, 69 Fed. 148, 16 C. C. A. 185. Such presumption in favor of the subsequent patent exists until overcome by proof, as was held in the case relied upon by the complainant. American Car & Foundry Co. v. Seeger Co., 178 Fed. 278, 101 C. C. A. 542. That ruling, it should be noted, was made at final hearing.

[2] Much might be added were it necessary upon the point that the defendant is responsible and apparently able to respond to any decree that may be ultimately made against it. It is sufficient to repeat, however, that the fact of infringement under the proofs rests in doubt and uncertainty.

The rule to show cause will therefore be discharged, with costs.