GILLETTE SAFETY RAZOR CO. v. DURHAM DUPLEX RAZOR CO.

(District Court, D. New Jersey. June 13, 1912.)

1. PATENTS (§ 312*)—INFRINGEMENT—EVIDENCE.

The granting of a patent for a device similar to one covered by a prior patent is prima facie evidence that there is a substantial difference between the two.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 543–549; Dec. Dig. § 312.*]

2. PATENTS (§ 294*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The power to grant a preliminary injunction in an infringement suit is discretionary, and should be exercised with the greatest care.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. § 294.*]

3. PATENTS (§ 301*)—PRELIMINARY INJUNCTION—GROUNDS.

That greater injury is likely to result to a defendant from the granting of a preliminary injunction than would result from its refusal in case the court should be in error is a matter proper to be considered on an application for such writ.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*]

4. PATENTS (§ 298*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction denied in a suit for infringement of the Gillette patent, No. 775,134, for a safety razor, on affidavits leaving the

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question of infringement doubtful, and showing that it might result in irreparable injury to the defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 478; Dec. Dig. § 298.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foods Mfg. Co., 72 C. C. A. 123.]

In Equity. Suit by the Gillette Safety Razor Company against the Durham Duplex Razor Company. On motion for preliminary injunction. Motion denied.

James Q. Rice, for the motion,
Robert F. Rogers and Richard V. Lindabury, opposed.

CROSS, District Judge. The complainant has instituted a suit in equity against the defendant, alleging infringement by it of patent No. 775,134 (1904). The patent in suit, which is owned by the complainant, has been sustained by this court and on appeal by the Circuit Court of Appeals of this circuit. Its validity is not now called in question.

[1] The defendant's razor is alleged to be manufactured pursuant to patent No. 854,841, issued in 1907 to one Prescott. The fact that this later patent was granted in the face of the Gillette patent is prima facie evidence that it substantially differs from that of Gillette. N. J. Wire Cloth Co. v. Buffalo Expanded Metal Co. (C. C.) 131 Fed. 265, affirmed without opinion 135 Fed. 1021, 68 C. C. A. 672; Anderson v. Collins (C. C. A.) 122 Fed. 451, 58 C. C. A. 669; St. Louis Car-Coupler Co. v. National Malleable Castings Co. (C. C. A.) 87 Fed. 885, 31 C. C. A. 265; Ransome v. Hyatt (C. C. A.) 69 Fed. 148, 16 C. C. A. 185; Corning v. Burden, 15 How. 252, 14 L. Ed. 683; Miller v. Eagle Mfg. Co., 151 U. S. 186, 208, 14 Sup. Ct. 310, 38 L. Ed. 121; Boyd v. Janesville Tool Co., 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973.

Moreover, the ex parte affidavits are in material respects in direct conflict. The razors of the complainant and defendant as respectively manufactured by them under the above patents, manifestly differ in form, and also, as claimed by the defendant, in principle of operation. Furthermore, the defendant claims that its blade is not only mounted differently, but has inherent rigidity at its cutting edge; that it is not clamped in its holder; that the handle is differently affixed to the holder, and in such manner that it does not come within the purview of the claims of the Gillette patent relating thereto. There are other alleged differences between the devices in question, but it is unnecessary to refer to them. The affidavits, conflicting as they are upon material matters, raise sufficient doubt to preclude the issue of a preliminary injunction.

[2] The power to grant such an injunction should always be exercised with the greatest of care and caution. An application therefor is always addressed to the sound discretion of the court, and as

was said by Judge McKennan, in Bailey Wringing Machine Co. v. Adams, Fed. Cas. No. 752:

"Such discretion ought to be exercised only when complainant's title and the defendant's infringement are admitted, or are so clear and palpable that the court can entertain no doubt on the subject. The courts are not bound at this stage of the cause to decide doubtful and difficult questions of law or disputed questions of fact, nor exercise this high and dangerous power (if exercised rashly) in doubtful cases before the alleged offender shall have an opportunity of a full and fair hearing."

See, also, to the same effect, Whippany Mfg. Co. v. United Indurated Fiber Co. (C. C. A. 3d Circuit) 87 Fed. 215, 30 C. C. A. 615; Standard Elevator Co. v. Crane Elevator Co. (C. C. A.) 56 Fed. 718, 6 C. C. A. 100; George Ertel Co. v. Stahl (C. C. A.) 65 Fed. 519, 13 C. C. A. 31; Brush Electric Co. v. Electric Storage Battery Co. (C. C.) 64 Fed. 775; Brookfield et al. v. Elmer Glassworks (C. C.) 132 Fed. 312; Blakey v. Natn'l Mfg. Co., 95 Fed. 136, 37 C. C. A. 27.

[3, 4] Under the conflicting affidavits presented for consideration, this case is not free from doubt. Moreover, under the testimony the issuance of a preliminary injunction might work an irreparable injury to the defendant, an injury out of proportion to that which would result to the complainant from its refusal. The defendant has issued and has now outstanding capital stock to the amount of $1,200,000 besides gold notes and debentures to an amount approximating $500,000. It has a large plant at Jersey City, in this district, which it has begun to enlarge to more than double its present capacity. It has in its employ upwards of 500 trained and skilled workmen. To stop an enterprise of this character and magnitude would not only throw its employés out of employment and probably scatter them beyond recall, but would also keep its large capital in idleness for an unlimited period, and perhaps destroy its credit and work irredeemable disaster. Equitable considerations of this character demand not only that a court should refrain from doing anything rash, but that it should be well nigh certain of the correctness of its position before issuing a preliminary injunction. That the greater injury likely to result to the defendant, as compared with that to the complainant, is a proper matter for consideration under circumstances such as are here presented, is supported by numerous cases, among them the following: Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A. 100; West Publishing Co. v. Lawyers' Co-operative Publishing Co. (C. C.) 53 Fed. 265; Eastern Paper-Bag Co. v. Nixon (C. C.) 35 Fed. 752. While the following cases show that the discharge of a large number of employés from employment resultant upon the issuance of a preliminary writ of injunction may properly be considered by a court of equity on an application for such a writ: McCarthy v. Bunker Hill & Sullivan Mining & Coal Co. (C. C.) 147 Fed. 981, 984; Huntington Dry-Pulverizer Co. v. Alpha Portland Cement Co. (C. C.) 91 Fed. 534; New York Grape Sugar Co. v. American Grape Sugar Co. (C. C.) 10 Fed. 835.

The rule to show cause why a preliminary injunction should not issue will be discharged.